This is a bill to enforce, against a vendor, specific performance of a contract to sell real estate resulting from an option of purchase in a lease of such real estate, and an *Page 462 
acceptance of such option. The defense is an alleged forfeiture of the lease and all of the lessee's rights thereunder, including its option of purchase, because of violation of a covenant in such lease against its assignment without the written consent of the landlord; or in case of the failure of this defense, then because, as it is claimed, the present complainant, the assignee of the lease, never acquired, as such assignee or otherwise, any interest in such option of purchase. For the reasons hereinafter pointed out we think that there is no merit in either of these alleged defenses. The circumstances were as follows:
On April 13th, 1920, John J. Meyer (the defendant-respondent), for a stipulated yearly rental, executed a lease to Alec Schlenger and Max Gabrowitz, beginning May 1st, 1920, and ending May 1st, 1923, of a garage building located at No. 494 Main street, East Orange, New Jersey. This lease contained an option of renewal for a term of five years from May 1st, 1923, at an annual rental therein stipulated, and also contained an option of purchase of said premises at any time during said term and during any renewal thereof, for the sum of $55,000 in cash, free from all encumbrances. The lease also contained the following provision:
"That the party of the second part (lessees) will not let, sell, under-let, or assign the premises or any part thereof without the written consent of the party of the first part (lessors) themselves, their heirs, assigns, agents or attorneys."
It also contained the following covenant:
"And it is agreed that upon breach of any of said covenants or conditions, the party of the second part shall forfeit said term and the party of the first part may, at its option, re-enter and recover immediate possession of said premises and shall also have an action for all damages arising from such breach."
It is admitted that the lessor never exercised or attempted to exercise any right of forfeiture by re-entry or otherwise under this clause. Less than two years after the creation of this tenancy, namely, on February 25th, 1922, and before the expiration of the original term of the lease, the lessees, *Page 463 
Schlenger and Gabrowitz, sold out their garage business as conducted on said leased premises, to Joseph O. Dye, Hanford A. Dye and Charles F. Schnepp, and executed an assignment of said lease to them, to which assignment the said John J. Meyer, the landlord, consented in writing. Before the expiration of the original term of the lease, the two Dyes and Schnepp, assignees of said lease as aforesaid, incorporated their business by the creation of a corporation under the laws of New Jersey, under the name of the Orange-Hudson Company, and duly assigned to said corporation all the good will and assets of said business, including said lease, and the business was thereafter conducted by said corporation (of which the two Dyes and Schnepp were the officers, directors, and substantially all of the stockholders) on the premises in question and under the lease here involved. The rent was regularly paid each month as it fell due by checks of said corporation under its corporate name with the signatures of the two Dyes as officers of such corporation in the ordinary way. On April 7th, 1923, and three weeks before the expiration of the original term of the lease, notice in writing under the option of renewal for an additional term of five years, was given to Meyer, and this notice was signed by the two Dyes and Schnepp and by the corporation "Orange-Hudson Company by J.O. Dye, President, attested H.A. Dye, Secretary." This notice of renewal expressly referred to the fact that the option of purchase would, under the terms of the original lease, be extended by such renewal during the extended term. To this notice the landlord replied under the same date:
"I hereby acknowledge receipt of the above notice wherein Joseph O. Dye, Charles F. Schnepp and Hanford A. Dye and Orange-Hudson Company have exercised an option of renewal contained in said lease, and hereby consent to the renewal of said lease, pursuant to the terms thereof.
Signed J.J. MEYER."
Subsequently, in 1924, the corporation, Orange-Hudson Company, by appropriate action properly filed, changed its *Page 464 
name to "Orange Motors, Inc.," under which name it thereafter continued the garage business on the leased premises under the lease in question and regularly paid all rent by its checks to the landlord, John J. Meyer, who received the same without objection. During all of this time the name of the corporation was conspicuously displayed across the entire front of the leased premises. Shortly after the name of the complainant corporation had been changed to its present name, a question arose regarding an easement of way and light and air, which was appurtenant to the leased property, and the landlord was requested by the lessee (speaking through one of the Dyes) to enjoin a neighbor from a violation of or encroachment upon such easement, and after consultation with counsel, the landlord replied that he was advised not to seek an injunction, but to sue for damages in case the easement should be interfered with; whereupon, Mr. Dye pointed out to him that the right to damages would belong to this complainant corporation, the lessee, to whom the lease had been assigned, and which corporation intended to exercise the option of purchase thereunder. It does not appear from the evidence that this asserted right was questioned in any way by the landlord, nor does he contradict this testimony.
The learned vice-chancellor dismissed the bill because, as we understand it, he thought that no assignment with the written consent of the landlord to the complainant had been proved. We do not agree with this view. The circumstances indicate very clearly that when the three partners incorporated their business and transferred their assets therein, including this lease with its option of purchase, to the new corporation which they had formed, receiving stock in such corporation for such transfer, the title to the lease and to the option of purchase therein contained, became the absolute property of the corporation, the complainant herein. We do not find anything in the evidence which seriously questions this fact. We think it is also quite evident that Meyer, the landlord, during all this period of over five years which have elapsed since he consented in writing to the renewal of the lease by the parties in interest, including the corporation *Page 465 
complainant, had full knowledge of exactly what had transpired, namely, that his tenants had incorporated themselves into a corporation to which they had assigned the lease together with the rest of their business, in consideration for the issue to them of the stock of the corporation, and that with this actual knowledge he accepted full payment of the rent in accordance with the terms of the lease during this entire period. Under these circumstances we think it would be inequitable to now permit him to take away from the complainants the good will of the business which they have built up, by refusing to carry out the contract of sale for the premises in question resulting from the option contained in the lease and the acceptance thereof, which acceptance has now been properly executed and delivered by the complainant. The forfeiture provision of the lease because of the assignment of the term was never enforced nor attempted to be enforced by the landlord, even if there was any right of such enforcement, which, in view of the written consent to the renewal of the lease by the corporation as well as by those interested in the corporation, is quite doubtful. Forfeitures are not favorites of courts of equity, and unless there are circumstances which make them reasonably proper for the protection of rights which would be otherwise substantially impaired, they will not be enforced. In the present case there is no such impairment. The landlord, with full knowledge of the circumstances, has been paid and has accepted the stipulated rent under the lease from the complainant corporation without question, and it is now proposed to pay him in cash the purchase price, which, under the option, he agreed to accept for the property. This option was as much a part of the rent contract as was any other part of that contract. All that the landlord ever had a right to expect under that option was payment in cash for the property and this right is in nowise impaired because it is cash that is now proposed to be paid to him. The case is clearly distinguishable from that ofLincoln Furniture Co. v. Bornstein, 100 N.J. Eq. 78; affirmed,101 N.J. Eq. 774, where it appeared that the landlord had no knowledge of the assignment of the lease *Page 466 
to the corporation there in question and the payment of rent by corporate checks was relied upon and held to be insufficient to establish such knowledge. In the present case we think the evidence taken in conjunction with such payment of rent by corporation checks and other circumstances clearly established the fact of such knowledge.
For the foregoing reasons the decree of the court of chancery is reversed and the cause is remitted to that court in order that a decree for the specific performance prayed for in the bill may be entered.
For affirmance — THE CHIEF-JUSTICE, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, DEAR, JJ. 6.
For reversal — TRENCHARD, PARKER, CAMPBELL, CASE, BODINE, HETFIELD, WELLS, BLACK, JJ. 8.